UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

DON BENNY ANDERSON,            )
    AFFIANT-PETITIONER,         )
                                )   Case Numbers: 3:08-cv-3045, 3:08-cv-0346,
        v.                      )                 3:08-cv-3047, 3:08-cv-0348,
                                )                 3:08-cv-3049.
UNITED STATES OF AMERICA,       )
    RESPONDENT.                 )

## SHOW CAUSE

NOW COMES Don Benny Anderson, pro se, showing cause why cases should not be summarily dismissed for failure to comply with order of Court of Appeals.

In support hereof petitioner states the following:

The following is from U.S. Probation Office Central District of Illinois, INFORMATION SHEETS [See Exhibit C three pages]:

### "Civil Disabilities/Firearms Restrictions:

If you have been convicted in any court of a crime punishable by imprisonment for a term exceeding on (1) year (a felony), whether or not the punishment was imposed, you **may not** possess a firearm nor may you have control over or access to a firearm. Such possession is a violation of probation, supervised release, parole, special parole, of mandatory release, and is a violation of the law...

### TRAVEL:

Travel beyond the limits of the Central District of Illinois is a privilege which may be granted by your supervising probation officer only when he/she is satisfied that you are in full compliance with the conditions of your supervision. You may not travel outside the Central

1

District of Illinois without **permission** of the probation officer...

## CIVIL DISABILITIES AND FIREARMS RESTRICTIONS

I.     A person sentenced to imprisonment loses the right to vote until released from prison. A person convicted of a felony, e,g., bribery, perjury, or other "infamous crime" loses the right to hold public office until completion of his/her sentence including any period of supervision... A person convicted of a felon under federal law may not possess a firearm (including both long guns and handguns) or ammunition...

## RESTORATION OF RIGHTS/REMOVAL OF DISABILITIES

II.    The right to hold public office is automatically restored upon completion of your sentence including any period of supervision.

## ANDERSON SHOWS CAUSE AND DEMONSTRATES
## WHY COURT SHOULD NOT SUMMARILY DISMISS CASES

FRAUD WAS COMMITTED BY FRANK H. EASTERBROOK, CHIEF JUDGE, DIANE P. WOOD, CIRCUIT JUDGE AND ANN CLAIRE WILLIAMS, CIRCUIT JUDGE.

Judges claim the following in Exhibit A:

"But since Anderson is no longer "in custody" under his Harris County conviction, he could not have obtained relief by a Section 2254 petition; **a motion for writ of error coram nobis was the correct submission.** See United States v. Bush, 888 F.2d 1145, 1147 (7thCir.1989). **However, Anderson has not alleged that he is suffering from any ongoing civil disabilities or adverse collateral consequences-prerequisites to relief by a writ of error coram nobis.**" See Howard v. United States, 962 F.2d 651, 653 (7th Cir.1992); United States v. Craig, 907 F.2d 653 (7th Cir. 1990)."...

"But Anderson is no longer "in custody" under his Dallas County Conviction, so he could not have filed a Section 2254 petition. **Thus, a motion for writ of error coram nobis was correct...But again Anderson alleges no ongoing civil disabilities or adverse collateral consequences of his Dallas County conviction**"...

"But Anderson was right to label his motion was one for a writ of error coram nobis because he is no longer "in custody" under his Pinellas County conviction. **Nonetheless, Anderson alleges no ongoing civil disabilities or adverse collateral consequences of his Dallas County conviction...so his challenge fails.** (Emphasis added.)

**As a matter of fact, Anderson did allege ongoing civil disabilites and collateral consequences-prerequisites for relief in his three writs of error coram nobis mentioned above, same relief was requested in all writs, See Exhibit B:**

"**Wherefore,** petitioner prays this court based on foregoing and following to grant relief requested herein.

Petitioner moves this Honorable Court to notify all federal and state agencies that it is issuing an Order of Notification that petitioner's intentional false arrests and illegal convictions and sentences have been declared null and void and failure to comply with Court's expungemnt order will make the agency plus individual liable for a penalty of One Million Dollars Per Day each, payable to petitioner if they do not comply. And that a notation in the record is insufficient. That there is to be no trace of them; that the expungment of petitioner's records are ordered against all persons and agencies who maintain custody of such records, whether or not they are named as respondent(s), and the records must be turned

3

over to petitioner in tact within 30 days and verification by this Court. A Certification of Compliance must be filed with this Court within 30 days of the receipt of order and said order is not in violation of State of Illinois nor federal law. For petitioner is a victim of a kidnapping conspiracy and respondent(s) cannot provide a transcript proving the charged crime occurred as alleged in the charging instrument.

For Don Benny Anderson is entitled to compensation for the premeditated kidnapping and destruction of his good name, family and business opportunites and is planning on traveling abroad and all the states of the union, running for public office, flying planes, voting in state and federal elections, being on a jury, owing a gun, getting a drivers license, going into business immediately and may suffer another possible false arrest, conviction and sentence in the future on fictional charges as in this case at bar which has been used against him by kidnapping conspirators in United States District Courts and United States Parole Commission **and he will suffer future collateral consequences if false arrest records, conviction and sentencing records remains. [Emphasis added]**

Petitioner is also requesting a Order stating that if asked if he has been arrested or convicted or sentenced in the past he can legally state, "No". Because in reality petitioner was intentionally, illegally and unconstitutionally arrested, convicted and sentenced and this Honorable Court decreed them Null and Void.

Petitioner at this time also moves this court in the interest of justice, judicial economy and the ends of justice; to decree his convictions are constitutionally invalid and is entitled to have his arrests, convictions, sentences and all the effects steaming from them completely expunged from all records. Order any other relief as is deemed just and proper, if

any there be at law, least Anderson suffer irreparable injury.

Signed under Title 18 Section 1621 and Title 28 Section 1746. Date: February 17, 2006...Don Benny Anderson."

United States Court of Appeals judges Frank H. Easterbrook, Chief Judge, Diane P. Wood, Circuit Judge, Ann Claire Williams, Circuit Judge, United States District Judge Gilbert of the Southern District of Illinois and Judge Mihm of the Central District of Illinois did knowingly and willingly with criminal intent did join, combine, conspire and confederate in criminal conspiracies to further the political kidnapping of Don Benny Anderson. Furthering the cover up of the terrorist-kidnapping of Don Benny Anderson; judges engaged in procedural kidnapping and ordered extortionate fines. Anderson did pay the $1000 extortionate fine of Frank H. Easterbrook, Chief Judge, Diane P. Wood, Circuit Judge, Ann Claire Williams, Circuit Judge. If you, Judge Jeanne E. Scott, and above judges are not engaged in criminal conspiracies, order transcripts of all court proceedings. See for yourself if petitioner committed perjury. You, Judge Jeanne E. Scott, are not obligated to join judges in criminal conspiracies, mentioned in documents and cases before your court. Signed under the penalty of perjury pursuant to Title 18 Section 1621 and Title 28 Section 1746.

Dated this 5th day of March 2008.

Respectfully submitted,

*Don B. Anderson*
Don Benny Anderson
2004B S. Noble Ave
Springfield, IL 62704

## CERTIFICATE OF SERVICE

I, Don Benny Anderson, do swear or declare that on this 5th day of March 2008, I have served the enclosed SHOW CAUSE on the following party to this proceeding, by depositing it in an envelope containing the said document in the United States mail properly addressed and with first-class postage prepaid.

The name and address of party served is as follows:

Roger Heaton
United States Attorney
318 S. 6th
Springfield, IL 62701

Signed pursuant to Title 28 U.S.C. Section 1746.

*Don B. Anderson*
Don Benny Anderson
2004B S Noble Ave
Springfield, IL 62704

# United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

Submitted October 25, 2006
Decided January 12, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 06-2628, 06-2629 & 06-2693

| | |
|---|---|
| DON B. ANDERSON,<br>*Petitioner-Appellant,*<br><br>*v.*<br><br>UNITED STATES OF AMERICA,<br>*Respondent-Appellee.* | Appeals from the United States District Court for the Central District of Illinois<br><br>Nos. 06 C 1042, 06 C 1044 & 06 C 1043<br><br>Michael M. Mihm,<br>*Judge.* |

### ORDER

In 1980, Anderson was convicted in Harris County, Texas, of securing execution of a document by deception. *Anderson v. State*, No 01-84-0451-CR, 1987 WL 19058 (Tex. Ct. App. Oct. 29, 1987). He was sentenced to five years' imprisonment in 1984, and his sentence has since expired. Appeal no. 06-2628 arises from the dismissal of Anderson's fifth collateral attack on his Harris County conviction. In February 2003, he filed actions under 28 U.S.C. §§ 2254 and 2241 in the Northern District of Texas attacking, among others, his Harris County conviction. He argued the conviction was unconstitutional and, since he was denied parole on his federal sentence in part because of the Harris County conviction, that he was entitled to parole. The magistrate judge determined that Anderson was required to exhaust his administrative remedies with the Bureau of Prisons before

Exhibit A

Nos. 06-2628, 06-2629 & 06-2693                                        Page 2

he could challenge his lack of entitlement to parole; since he had not done so, the judge recommended dismissing the petitions without prejudice. *See Anderson v. Fleming,* No. Civ.A.4:03-CV-097-Y, 2003 WL 21246095 (N.D. Tex. May 1, 2003). The district court adopted the magistrate judge's findings and report but dismissed the petitions with prejudice. *See id.* The Fifth Circuit affirmed in an unpublished order. *Anderson v. Fleming,* No. 03-10457, 79 F. App'x 4 (5th Cir. Oct. 21, 2003). In July 2003, Anderson filed another § 2241 petition in the Northern District of Texas, attacking his two federal court convictions and his three state court convictions, including the one in Harris County. To the extent Anderson challenged his Harris County conviction, the district court construed the filing as a petition under § 2254, but dismissed it with prejudice for lack of jurisdiction. *See Anderson v. State,* No. Civ.A.4:03-CV-793-Y, 2003 WL 22410582 (N.D. Tex. Sept. 9, 2003).

In June and November 2005, Anderson filed § 2241 petitions in the Central District of Illinois challenging his Harris County conviction. The district court denied both petitions because Anderson's state sentence had expired. He moved twice for reconsideration of the denial of his first petition, and the district court denied both motions. Anderson appealed the denials of his two § 2241 petitions, and this court dismissed both appeals under Circuit Rule 3(b).

In February 2006, Anderson filed a motion for a writ of error coram nobis in the Central District of Illinois challenging his Harris County conviction, the dismissal of which led to appeal no. 06-2628. The district court construed the motion as a petition under § 2254 and found it untimely as a first § 2254 petition and an unauthorized attempt to file a successive § 2254. But since Anderson is no longer "in custody" under his Harris County conviction, he could not have obtained relief by a § 2254 petition; a motion for writ of error coram nobis was the correct submission. *See United States v. Bush,* 888 F.2d 1145, 1147 (7th Cir. 1989). However, Anderson has not alleged that he is suffering from any ongoing civil disabilities or adverse collateral consequences—prerequisites to relief by a writ of error coram nobis. *See Howard v. United States,* 962 F.2d 651, 653 (7th Cir. 1992); *United States v. Craig,* 907 F.2d 653 (7th Cir. 1990). **[Fraud exposed Exhibit B. Emphasis added.]**

Appeal no. 06-2629 stems from a challenge to Anderson's 1978 conviction in Dallas County, Texas, for securing capital without effective consent of the owner. *See Anderson v. State,* No. Civ.A.4:03-CV-793-Y, 2003 WL 22410582 (N.D. Tex. Sept. 9, 2003). According to Anderson, he was sentenced to two years probation. In the same July 2003 petition in which Anderson collaterally attacked his Harris County conviction under § 2241 (in the Northern District of Texas), he also attacked his Dallas County conviction. The district court construed the filing as a petition

Exhibit A

Nos. 06-2628, 06-2629 & 06-2693                                                                    Page 3

under § 2254 and dismissed it with prejudice for lack of jurisdiction. *See Anderson v. State*, No. Civ.A.4:03-CV-793-Y, 2003 WL 22410582 (N.D. Tex. Sept. 9, 2003).

In February 2006, Anderson filed the motion for a writ of error coram nobis in the Central District of Illinois that is the subject of appeal no. 06-2629. As it did with his motion challenging his Harris County conviction, the district court construed the motion as a petition under § 2254 and found it untimely and an unauthorized attempt to file a successive petition. But Anderson is no longer "in custody" under his Dallas County conviction, so he could not have filed a § 2254 petition. Thus, a motion for writ of error coram nobis was correct. *See Bush*, 888 F.2d at 1147. But again Anderson alleges no ongoing civil disabilities or adverse collateral consequences of his Dallas County conviction, *see Howard*, 962 F.2d at 653, so his challenge fails. **[Fraud exposed Exhibit B. All writs the same.]** [Emphasis added.]

Anderson's 1983 conviction in Pinellas County, Florida, for two counts of arson underlies appeal no. 06-2693. *See Anderson v. Fleming*, No. 8:02-cv-1463-T-24MSS (M.D. Fla. Aug. 27, 2002). He was sentenced to a term of fifteen years' imprisonment, to be served concurrently with his federal sentence. In 2002, Anderson filed a petition for habeas corpus in the Northern District of Texas attacking his Pinellas County conviction. The court construed the petition as one under § 2254 and transferred it to the Middle District of Florida. Upon transfer, the district court denied the petition since Anderson was attacking an expired state sentence. The Eleventh Circuit denied Anderson's request for a certificate of appealability. *Anderson v. Fleming*, No. 02-15701-H (11th Cir. Dec. 20, 2002) (unpublished order).

Anderson challenged his Pinellas County conviction in the same July 2003 petition in the Northern District of Texas in which he challenged his other convictions. As with his Texas convictions, the district court construed the filing as a petition under § 2254 and dismissed it with prejudice for lack of jurisdiction. *See Anderson v. State*, No. Civ.A.4:03-CV-793-Y, 2003 WL 22410582 (N.D. Tex. Sept. 9, 2003).

In August 2005, Anderson also filed a § 2241 petition in the Central District of Illinois attacking his Pinellas County conviction. The district court construed the petition as one under § 2254, because Anderson challenged his conviction rather than conditions of his confinement, and dismissed the petition for lack of subject matter jurisdiction.

While his § 2241 petition was pending in the district court, Anderson filed his motion for a writ of error coram nobis in the same court, the denial of which led to

<u>Exhibit A</u>

Nos. 06-2628, 06-2629 & 06-2693                                    Page 4

appeal no. 06-2693. As it did with his motion challenging his Texas convictions, the district court construed the motion as a § 2254 petition and found it untimely and an unauthorized attempt to file a successive habeas petition. But Anderson was right to label his motion as one for a writ of error coram nobis because he is no longer "in custody" under his Pinellas County conviction. *See Bush*, 888 F.2d at 1147. Nonetheless, Anderson alleges no ongoing civil disabilities or adverse collateral consequences of his Dallas County conviction, *see Howard*, 962 F.2d 653, so his challenge fails.

    Anderson has filed twenty appeals—most of which were dismissed under Circuit Rule 3(b)—three petitions for a writ of mandamus, and an application for authorization to file a successive collateral attack in this court alone. On October 3, 2002, in response to one of his petitions, this court warned Anderson that if he continued to file substantively frivolous appeals he would be subject to sanctions in accordance with *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997). He has been sanctioned by the Northern District of Texas for filing six habeas corpus petitions in a little over a year. *Anderson v. Fleming*, No. Civ.A.4:03-CV-1145, 2003 WL 22255712 (N.D. Tex. Sept. 29, 2003). He was sanctioned $500 in 1999 by Judge Gilbert of the Southern District of Illinois for filing frivolous motions. And on April 18, 2006, Judge Mihm sanctioned Anderson $600 and ordered the clerk of court to refuse any papers he attempts to file until he pays the fine. **[Judges knowingly and willingly engaged in procedural kidnapping, slavery and extortion.]**

    Accordingly, we AFFIRM the district court's judgments in case nos. 06-2628, 06-2629 & 06-2693. Anderson's motions to expedite and to proceed in forma pauperis are DENIED.

    Anderson is fined $1000, and the clerks of all courts within this circuit are advised to return, unfiled, any papers he files in civil litigation until he pays the fine. *See Alexander*, 121 F.3d at 316; *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). Anderson also owes the docket and filing fees for this blizzard of actions and appeals. He has struck out long ago, and per *Thurman v. Gramley*, 97 F.3d 185 (7th Cir. 1996), the filing ban should last until all fees (plus the $1000 fine) have been paid. **[Notice: Alexander, 121 F.3d at 315 demonstrates Anderson's filings were not frivolous applications: "Support Systems International, Inc. v. Mack, 45 F3d 185 (7th Cir.1995)— has an exception for collateral attacks on convictions." Petitioner's Writs Of Coram Nobis were/are collateral attacks on convictions.] [Emphasis added.] [See Exhibit C Nos. 06-2695 and 06-2697 procedural kidnapping and slavery conspiracy.]**

<u>Exhibit A</u>

1589; knowingly and willingly furthered trafficking with respect of peonage, slavery, involuntary servitude, or forced labor in violation of Title 18 § 1590; knowingly and willingly furthered Anderson's involuntry servitude in violation of Title 18 § 1584; acted in a conspiracy against rights in violation of Title 18 § 241; and deprivation of rights under color of law in violation of Title 18 § 242.

Wherefore, petitioner prays this court based on foregoing and following to grant relief requested herein.

Petitioner moves this Honorable Court to notify all federal and state agencies that it is issuing an Order of Notification that petitioner's intentional false arrests and illegal convictions and sentences have been declared null and void and failure to comply with Court's expungment order will make the agency plus individual liable for a penalty of One Million Dollars Per Day each, payable to petitioner if they do not comply. And that a notation in the record is insufficent. That there is to be no trace of them; that the expungment of petitioner's records are ordered against all persons and agencies who maintain custody of such records, whether or not they are named as respondent(s), and the records must be turned over to petitioner in tact within 30 days and verification by this Court. A Certification of Compliance must be filed with this Court within 30 days of the receipt of order and said order is not in violation of State of Illinois nor federal law. For petitioner is a victim of a kidnapping conspiracy and respondent(s) cannot provide a transcript proving the charged crime occurred as alleged in the charging instrument.

For Don Benny Anderson is entitled to compensation for the pre-

(4)

**EXHIBIT B**

meditated kidnapping and destruction of his good name, family and business opportunites and is planning on traveling abroad and all the states of the union, running for public office, flying planes, voting in state and federal elections, being on a jury, owning a gun, getting a drivers license, going into business immediately and may suffer another possible false arrest, conviction and sentence in the future on fictional charges as in this case at bar which has been used against him by kidnapping conspirators in United States District Courts and United States Parole Commission and <u>he will suffer future collateral consequences if false arrest records, conviction records and sentencing records remains.</u>   [Emphasis added.]

   Petitioner is also requesting a Order stating that if asked it he has been arrested or convicted or sentenced in the past he can legally state, "No".  Because in reality petitioner was intentionally, illegally and unconstitutionally arrested, convicted and sentenced and this Honorable Court decreed them Null and Void.

   Petitioner at this time also moves this court in the interest of justice, judicial economy and the ends of justice; to decree his convictions are constitutionally invalid and is entitled to have his arrests, convictions, sentences and all the effects steaming from them completely expunged from all records.  Order any other relief as is deemed just and proper, if any there be at law, least Anderson suffer irreparable injury.

Date: February 17, 2006

Signed under Title 18 § 1621 and Title 28 § 1746.

Don Benny Anderson #06260-026
Federal Correctional Institution
PO Box 5000
Pekin, Illinois 61555

Respectfully submitted,

*Don B. Anderson*
Don Benny Anderson #06260-026

(5)

**EXHIBIT B**

U.S. PROBATION OFFICE
CENTRAL DISTRICT OF ILLINOIS

INFORMATION SHEET AND CHECKLIST

FOR PROBATIONERS, SUPERVISED RELEASEES, PRETRIAL DIVERTEES, PAROLEES, SPECIAL PAROLEES AND MANDATORY RELEASEES

Enclosed is a map of the Central District of Illinois, a Civil Disabilities form, a Travel Request form, and a supply of written Monthly Supervision Report forms. Additional Monthly Supervision Report forms should be requested as needed.

Your conditions of supervision and your copy of the court order should be kept with these important papers.

X    **Civil Disabilities/Firearms Restrictions**: If you have been convicted in any court of a crime punishable by imprisonment for a term exceeding one (1) year (a felony), whether or not the punishment was imposed, you <u>may not</u> possess a firearm nor may you have control over or access to a firearm. Such possession is a violation of probation, supervised release, parole, special parole, or mandatory release, and is a violation of the law. Anyone convicted of a misdemeanor, petty, or traffic offense is not automatically subject to this firearm restriction, but it may be imposed by the court. If you have an Illinois Firearm Owner's Identification Card (FOID), you must surrender it to the probation officer immediately for return to the State of Illinois, Department of Law Enforcement. The attached form sets forth additional civil disabilities (right to vote, right to hold public office, and various licensing restrictions) and gives you information on how to apply for relief from these disabilities.

_____    **Special Assessment/Restitution/Fine Payments**: All payments must be made by <u>Cashier's Check, Money Order or Cash</u>. You will be required to sign a payment agreement which will establish your monthly payment, due date, and the address where your payments are to be mailed. Personal checks will <u>not</u> be accepted. Payments may be made in person at the U.S. District Court Clerk's offices in Springfield, Peoria, Urbana, Rock Island, or mailed to: <u>U.S. District Clerk, ATTN: Finance Department, 100 N.E. Monroe, Room 309, Peoria, Illinois 61602</u>. DO NOT MAIL CASH!

X    **Criminal Association**: It is a violation of probation, parole, supervised release, special parole, or mandatory release to associate with a person who has a criminal record, unless you have the permission of the probation office. To obtain such permission, you must complete a request form and submit it to your probation officer. Following an investigation, a copy of this form will be returned to you indicating whether your request has been approved or denied.


*Exhibit C*

X __ **Travel**: Travel beyond the limits of the Central District of Illinois is a privilege which may be granted by your supervising probation officer only when he/she is satisfied that you are in full compliance with the conditions of your supervision. You may not travel outside the Central District of Illinois without permission of the probation office. **Non-emergency travel outside the district, with the exception of necessary work related travel, will not be granted within the first sixty days of supervision.** Any other travel should be requested ten (10) days in advance. You may be required to complete the enclosed travel request form before your request will be considered. Travel outside the continental United States can only be granted by specific order of the Court. Such requests for travel should be submitted thirty (30) days in advance. In an emergency, contact your probation officer as soon as possible to discuss travel request procedures.

_____ **Income Tax Returns**: Upon request, a copy of your Federal Income Tax Return, including W-2 form(s), must be furnished to your probation officer. This information is used to determine your financial profile and to verify the financial information you included on your written Monthly Supervision Reports.

_____ **Address Change/Employment Change Notification**: You shall notify the U.S. Probation Officer at **least ten days prior to any change in residence or employment.** Failure to do so is a new criminal offense and a violation of your conditions of supervision.

X __ **DNA Testing**: If applicable, you shall cooperate with the collection of DNA by the U.S. Department of Justice and or the U.S. Probation Office as required by Public Law 108-405.

_Don B. Anderson_ 1/8/08          _Mark Estock_ 1-8-08
Signature/Date                    U.S. Probation Officer/Date

*Place original in supervision file and give a copy to the subject.*

Exhibit C

(Rev. 2/27/07)
To be used with offenders **sentenced** after December 15, 1996.)

CD/IL
Rev. 02/27/98

## CIVIL DISABILITIES AND FIREARMS RESTRICTIONS

I.   A person sentenced to imprisonment loses the right to vote until released from prison.  A person convicted of a felony, e.g., bribery, perjury, or other "infamous crime" loses the right to hold public office until completion of his/her sentence including any period of supervision.  A convicted felon may not serve as executor of a will or administrator of an estate.  An occupational or professional license may be revoked, denied, or suspended because of a felony conviction; e.g., medical, real estate, law, pharmacy, engineering.

A person convicted of a felony under federal law may not possess a firearm (including both long guns and handguns) or ammunition. Although relief from state law restrictions can be pursued through the Illinois State Police, there is no longer a provision in federal law (except for a Presidential pardon) that allows for the civil restoration of the right to bear/possess firearms.  Questions regarding application for a Presidential pardon should be directed to your probation officer.

## RESTORATION OF RIGHTS/REMOVAL OF DISABILITIES

II.  The right to vote is ORDINARILY restored upon release from custody PROVIDED THAT YOU ARE PROPERLY REGISTERED WITH THE COUNTY CLERK IN THE COUNTY OF YOUR RESIDENCE. YOU MAY BE REQUIRED TO REREGISTER. The right to hold public office is automatically restored upon completion of your sentence including any period of supervision.  All license rights and privileges lost as the result of a felony conviction are automatically restored upon completion of your sentence of imprisonment or upon discharge from probation, conditional discharge, parole, special parole, mandatory release, or supervised release unless a state licensing board determines that restoration would not be in the public interest.

The Illinois State Police will only process your application and grant you relief from state firearm disabilities if it is established that you have not been convicted of a forcible felony within the preceding 20 years or that 20 years have passed since release from imprisonment for that offense; that you are not likely to act in a manner dangerous to public safety; that restoration of firearms privileges would not be "contrary to the public interest"  and that you have been granted relief by federal authorities. Accordingly,  unless you have been granted a Presidential pardon, the State Police will not process your application for relief.

Any questions regarding the Illinois State Police position on this issue should be directed to:

> IL State Police Firearms Owner Identification
> 726 S. College
> Springfield, IL   62704

*Exhibit C*