UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DON BENNY ANDERSON, AFFIANT-PETITIONER, | ) ) ) |
| V. | ) Case No. 08-3045 Habeas Corpus ) |
| UNITED STATES OF AMERICA, RESPONDENT. | ) ) ) |
| In re Don Benny Anderson | ) ) Case Nos. 08-3046, 08-3047, 08-3048, ) 08-3049 Writ of Coram Nobis Cases ) |

**EXTAORDINAY WRIT TO EXPEDITE ALL ABOVE PROCEEDINGS**

**EVIDENCE OF ACTUAL INNOCENCE**

NOW COMES Don Benny Anderson, petitioner, pro se, pursuant to 28 U.S.C.A. Section 1651 and moves this court to expedite proceedings. Ref: United States District Court for the Southern District of Illinois, Cause No. 82-CR-50031. [This Court's Case Nos: 08-3045 Habeas Corpus and 08-3048 Writ of Coram Nobis.]

In support hereof petitioner states the following:

Each count of an Indictment must stand on it own allegations. Count One on it face reveals that no federal crime was committed as charged. [As a matter of fact, both counts on their face reveals that no federal crime was committed as charged.]

Following is the charging part of Count One. The rest of the count is surplusage that conned grand jury, defendant(s), trial jury, press, and public into believing a true federal crime was committed. Surplusage is deliberately designed

and put into Indictments by prosecutors.   So prosecutors and other members of the bar association: judges and defense attorneys can unconstitutionally further Bar Association's Slave Trade, trafficking in human beings.   Putting on show trials, violating United States Constitution mandates, arguing over non issues.  Using beguiling, confusing legal flimflam, deceitful trickery,  kidnapping thousands of innocent people, illegally and unconstitutionally, while acting under color of law, by way of their word crafts, and publish deceptive court opinions, orders, decisions and illegally creating judge created law.

    The United States and court lacked Legislative Territorial Jurisdiction over All Places mentioned in both counts of the Indictment.  See Article I, Section 8, Clause 17. The State of Illinois never by Cession allowed the Federal Government to purchase any place mentioned in counts with the Consent of the Legislature of the State and acceptance by Congress.  Therefore, United States and Court acted in the Complete Absence of all Jurisdiction, lacking Legislative Territorial Jurisdiction.   See National Archives' records.

    Charging part of Count One:

"On or about August 12, 1982, in Madison County, in the Southern District of Illinois, DON BENNY ANDERSON, MATTHEW M. MOORE and WAYNE MOORE, defendants herein did willfully and knowingly attempt to obstruct, delay and affect commerce and the movement of articles and commodities in commerce from manufactures and producers outside the State of Illinois for use in the business of the Hope Clinic for Women, Ltd. An Illinois Corporation, from Dr. Hector Zevallos, with his consent, induced by

the wrongful use of actual and threatened force, violence and fear directed toward Dr. Hector Zevallos and Mrs. Rosalie Jean Zevallos, to coerce Dr. Hector Zevallos to permanently cease the operation of the Hope Clinic for Women, Ltd., an Illinois Corporation; all in violation of Title 18, United States Code, Sections 1951 and 2."

[See Exhibit A attached to Case Number: 3:08-cv-3045 before this court at this At this time.]

The following demonstrates the United States and federal court acted in the Complete Absence of All Jurisdiction. Resulting in the Complete Miscarriage of Justice, clear abuse of discretion, usurpation of judicial power and -- ABUSE OF POWER- to further the terrorist-political kidnapping of Don Benny Anderson, via wrongful conviction.

The Supreme Court decision in Stirone v. United States, 4 L ed 2d 252 (1960) clearly demonstrates the Indictment left the Federal Government and district court without jurisdiction. For the Grand Jury Acted In The Complete Absence Of All Jurisdiction, without probable cause to believe a crime was committed, from page 257:

> "[T]here are two essential elements of a Hobbs Act crime: interference with commerce, and extortion. Both elements have to be charged. Neither is is surplusage and neither can be treated as surplusage. The charge that Interstate Commerce is Affected is critical since the Federal Government's Jurisdiction of this crime rests only on that interference."

The two essential elements of a Hobbs Act crime are missing from the face of Count One, also Count Two. On its face it fails to charge that Interstate Commerce

3

was Affected and Completed Extortion took place.

Nor did prosecutors present required evidence proving Anderson committed extortion under 18 U.S.C. Section 1951 as described by Supreme Court's statutory interpretation set forth in Scheidler v. National Organization For Women Inc., 537 U.S. 393 (2003).

Fraudulent JUDGMENT AND PROBATION/COMMITMENT ORDER claimed the following:   [See Exhibit D attached to Case Number: 3:08-cv-3045 before this court at this time.]

"FINDING & JUDGMENT Defendant has been convicted as charged of the offense(s) of Interference with commerce by threats or violence and Aiding and Abetting in violation of 18 United States Code, Sections 1951 and 2 of Indictment."

What is plain and clear from the Judgment and Probation/Commitment Order is the Court's Order is bogus. It fails to state that Interstate Commerce was Affected and Property Obtained by Extortion. Obviously grand jury and court acted in the Complete Absence of all Jurisdiction. Court's Order is Null and Void for Want of Jurisdiction.

This court knows that a defendant cannot be convicted of Aiding and Abetting unless both essential elements of a Hobbs Act crime: Completed Crime of Extortion and Interference with Interstate Commerce is charged and did occur. Neither is charged nor did either occur. No completed crime is charged in Count One, nor in Count Two.

Court knows that a completed crime must be committed; before someone can aid and abet it. Therefore sentencing court was without jurisdiction for a lawful conviction and authority to issue a Judgment Order.

4

Ironclad, unyielding evidence Count One is fictional, fraud upon the court by Judge William L. Beatty and that Anderson is constitutionally, statutorily, legally and factually and actually innocent is found in Indictment's own list of Overt Acts in Count Two as follows:

[See Exhibit A attached in Case Number: 3:08-cv-3045 before this court at this time.]

"OVERT ACTS

1. On August 12, 1982, DON BENNY ANDERSON, MATTHEW M. MOORE and WAYNE A. MOORE appeared at the residence of Dr. and Mrs. Hector Zevallos, near Edwardsville, Madison County, Illinois.

[THIS COURT KNOWS THAT EDWARDSVILLE AND MADISON COUNTY, ILLINOIS ARE LOCATED IN THE TERRITORIAL JURISDICTION OF THE SOTHERN DISTICT OF ILLINOS.]   [ See map Exhibit N attached in Case Number: 3:08-cv-3045.]   [APPEARING AT EDWARDSVILLE IN MADISON COUNTY IS NOT A FEDERAL CRIME.]

2. On August 12, 1982, Mrs. Zevallos was abducted at gunpoint from her residence in Madison County, Illinois by MATTHEW M. MOORE and DON BENNY ANDERSON.

[THIS COURT KNOWS THAT AN ABDUCTION IS NOT A VIOLATION OF TITLE 18 SECTION 1951: COMPLETED EXTORTION AND INTERFERENCE WITH INTERSTATE COMMERCE NOR TITLE 18 SECTION 2, AIDING AND ABETTING.]

3. On August 12, 1982, one of the abductors stated to Dr. Zevallos that they wanted a quick $200,000 to $300,000.

[Wanting a quick $200,000 to $300,000 is **not** a completed extortion as required by statute and Supreme Court's decision in Stirone, **nor** attempted extortion.]

4. On August 12, 1982, the Zevallos' were transported from within Madison County, Illinois, to Sangamon County, Illinois.

[WHAT IS PLAIN IS THAT SANGAMON COUNTY, ILLINOIS IS IN THE TERRITORIAL JURISDICTION OF THIS COURT , CENTRAL DISTRICT OF ILLINOIS.]   [SEE EXHIBIT N ATTACHED TO CASE 08-3045.]   [THE ABOVE LISTED OVERT ACTS DEMONSTRATE THAT NO COMPLETED EXTORTION REQUIRED BY STATUTE, **NOR** ATTEMPTED EXTORTION EVER TOOK PLACE AS CHARGED AT EDWARDSVILE OR ANY WHERE IN MADISION COUNT OR ANY PLACE IN THE TERRITORIAL JURISDICTION OF THE SOUTHERN DISTRICT OF ILLINOIS AND NO INTERSTATE COMMERCE WAS AFFECTED.  NO EVIDENCE WAS PRESENTED THAT "DEFENDANTS HEREIN DID WILLFULLY AND KNOWINGLY ATTEMPTED TO OBSTRUCT, DELAY AND AFFECT COMMERCE AND THE MOVEMENT OF ARTICLES AND COMMODITIES IN COMMERCE FROM MANUFACTURES AND PRODUCERS OUTSIDE THE STATE OF ILLINOIS FOR USE IN THE BUSINESS OF THE HOPE CLINIC FOR WOMEN, LTD.AN ILLINOIS CORORATION, BY EXTORTION.  ALL FICTIONAL CLAIMS.  NO EVIDENCE WAS PRESENT THAT THERE WAS ANY MOVEMENT OF ARTICLES OR COMMODITIES IN COMMERCE GOING TO THE HOPE CLINIC.  NOR EVIDENCE ANY MANUFACTURES AND PRODUCER OUT

SIDE THE STATE OF ILLINOIS THAT SENT THEM.]

The Court of Appeals in its own account of events occurring in the Southern District of Illinois shows: Count One is a made-up crime, allegation of facts which the government prosecutors, FBI agents and judges knew were not true. Following is is from United States v. Anderson, Cite as 716 F.2d 446 (1983) page 447:

"On the evening of August 12, 1982. defendant and two other men forcibaly abducted Dr. Zevallos and his wife from their home at gunpoint, having gained entrance to their home on the pretense of responding to a real estate advertisement. Dr. Zevallos was told initially by the men that they sought only money, and indeed defendant and his assistants did take over three hundred dollars from the couple. The victims were handcuffed, blindfolded and driven to a remote and isolated bunker near Illiopolis, Illinois, where they were held captive in Spartan conditions for eight days."

[What is plain, clear and simple to understand is that stealing of personal money $300 dollars and abduction took place within the territorial boundaries of United States District Court for the Southern District of Illinois.] [This court knows that Sangamon County and Illiopolis, Illinois is in its calmed territorial jurisdiction, United States District Court for the Central District of Illinois.] [**No attempted extortion occurred as charged.**]

[**Therefore nobody could have Aided and Abetted the fake crime alleged. No Interstate Commerce was Affected; the alleged articles and commodities in Interstate Commerce are bogus and claimed manufactures and producers alleged in Count One are fictional too.**]

Court of Appeals judges seeing from the Indictment that no Hobbs Act

7

Crime was legally charged, but the Judgment Order claimed Aiding and Abetting that never occurred. Corrupt Court of Appeals judges decided to created their own fictional crime so they could sustain a conviction. To cover up the fact the United States District Court for the Southern District of Illinois acted in the Complete Absence of All Jurisdiction.

Knowing the Judgment Order was fraud upon the court by Judge William L. Beatty. Judges manufactured their own fictional crime taking place, in this court's jurisdiction, without an Indictment by grand jury nor trial by jury. Taking place about75 miles northeast of alleged crime claimed in Count One. Judges illegally AFFIMED a conviction for attempt. For an attempted extortion that never occurred in the Southern District of Illinois. But did not affirmed a conviction for Aiding and Abetting as claimed in the Judgment.

Judge William L. Beatty's own words reveal that no federal crime was committed as charged in Count One or Count Two:

[The following is from the sentencing Court's secret transcripts that the government and this court are hiding. See Exhibit F, court transcript page 321 and 322 attached to 3:08-cv-3045.]

> "THE COURT: The problem I have with it is if we start instructing the jury about non-issues in any case, we could go on ad infinitum. **[Ad infinitum means forever.]** In this case in particular, obviously it is not an issue as to whether or not he is guilty of kidnapping. It is not an issue of whether or not his is guilty of stealing."

Anderson was "denied the right to trial by the giving of a defective reasonable-doubt instruction". In United States v. Gonzalez-Lopez, Decided June 26, 2006, the

8

Supreme stated in Arizona v. Fulminatee, 499 U.S. 279 (1991), we divided constitutional errors into two classes. The second class of constitutional error we called "structural defects." These "defy analysis by 'harmless-err' standards" because they "affect[] the framework within which the trial proceeds," and are not "simply an error in the trial process itself." One of these is "the denial of the right to trial by jury by the giving of a defective reasonable-doubt instruction, see Sullivan v. Louisiana, 508 U.S. 275 (1993).

In UNITED STATES v. ANDERSON, 716, F.2d at 448 the following is found:

"At the close of the evidence, the jury was instructed, in accordance with Seventh Circuit Federal Court Pattern Jury Instruction Section 2.02, as follows:

> The defendant is charged with the crimes of attempting to obstruct commerce by extortion and conspiring to obstruct commerce by extortion. The defendant has denied that he is guilty of the charges."

What is obvious from the above is that Anderson was denied "the right to trial by jury by giving of a defective reasonable-doubt instruction." What also becomes clear is that Seventh Circuit judges are involved in a kidnapping-slavery business. For the instruction does not mention the essential elements of a Hobbs Act crime: Completed Extortion and Interference with Interstate Commerce; both are required to constitute a Hobbs Act violation.

JUDGE WILLIAM L. BEATTY KNOWINGLY AND WILLINGLY ACTED IN THE COMPLETE ABSENCE OF ALL JURISDICTION SENTENCING A FACTULLY AND ACTUALLY INNOCENT VICTIM, DON BENNY ANDERSON,

AND ISSUED A BOGUS JUDGMENT FOR FICTIONAL CRIMES THAT NEVER OCCURRED.

**COURTS ACTED IN COMPLETE ABSENCE OF ALL JURISDICTION:**

**Anderson relies on the following:**

One, The original Constitution was entirely a statement of government's Duties;

Two, A "Constitutional Guarantee" implies a government Duty-even if the Duty is otherwise unspecified in the constitution;

Three, Government is mandated to perform its clearly – specified Duties;

Four, There is no constitutional power which allow government to waive its Duties;

Five, Constitutional Duties cannot be waived because they are not principally obligations of individual defendants or Citizens;

Six, Government agents obligation is to government's true boss: **WE THE PEOPLE; ALL THREE HUNDRED MILLION OF US;**

Seven, The only way government can "waive" a constitutional Duty owned to 300 million Americans is by persuading two-thirds of Congress and three-quarters of the fifty States to agree to lawfully amend the Constitution to revoke or modify that Duty. See United States Constitution Article V.

Eight, As a matter of fact, the waiver of a constitutionally-mandated, governmental Duty constitutes an amendment to the Constitution and cannot be lawfully implemented by any mere individual defendant, prosecutor or judge or any combination of them according to the Supreme Law: Constitution for the United States of America.

Nine, Anderson relies on United States Constitutional Guarantee, mandate, a

DUTY imposed by WE THE PEOPLE, government's true boss, on the government, that for the United States and United States District Court for the Southern District Illinois, Case No. 82-50031 and United States District Court for the Eastern District of Virginia, Case No. CR 83 00159 A to have Legislative Territorial Jurisdiction; the Federal Government had to have Cession of the States of Illinois and Virginia and the Acceptance of Congress of all Places purchased by the Consent Of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards and other needful Buildings; Article I, Section 8, Clause 17.

Ten, National Archives' records reveal that there has been no Constitutional Cession over the place where the fictional crimes was allegedly committed nor where the illegal an unconstitutional court proceedings occurred. See Article I, Section 8, Clause 17.

Eleven, Therefore all United States prosecutors and United States District Courts were in Want of Jurisdiction an acted in the Complete Absence of All Jurisdiction; therefore, all federal court Judgments are Null and Void.

Twelve, Anderson relies on mandate and Duty of government agents Article IV "no Warrants shall issue, but upon probable causes". Warrant never established probable cause. It failed to state the essential elements of a Hobbs Act crime: Completed Extortion took place and Interstate Commerce was Affected. Petitioner cannot waive a Duty placed upon government agents by the U.S. Constitution.

Thirteen, Anderson relies on Constitutional mandate and Duty of government agents. Article V "indictment of a Grand Jury". No lawfully impaneled grand jury ever indicted petitioner. In any of Anderson's federal or state cases, mentioned in Habeas Corpus Case No. 08-3045 and Writ of Coram Nobis cases Nos. 08-3046, 08-3047,

08-3048 and 08-3049. In case 08-3045 Exhibit K, shows conclusively that GRAND JURY FOR THE EASTERN DISTRICT OF VIRGINIA NEVER AUTHORIZED THE INDICTMENT. IT IS NOT SIGNED BY FOREMAM. CASE NO: CR 83 00159 A. Petitioner was "deprived of life, liberty, or property, without due process of law; **[No prosecutor in any of Anderson's rigged federal and state kangaroo trials ever presented evidence beyond a reasonable doubt that a crime was committed as charged. NO FEDERAL OR STATE COURT CAN PROVIDE THE NAMES OF 12 QUALIFIED GRAND JURORS THAT APPROVED INDICTMENTS.]** nor shall private property be taken for public use, without just compensation." Anderson cannot waive a Duty placed upon government agents by the U.S. Constitution.

Fourteen, ~~Sixth~~, Anderson relies on In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed. 368 (1970). "Constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." U.S.Const.Amend.5,13,14.

Fifteen, ~~Seventh~~, Anderson relies on the plain and fundamental constitutional jurisdictional mandate placed in United States Constitution, Article III, Section 2. Clause 3: "The Trial of all Crimes, except in Case of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed." No Trial by Jury was held in a State where a Crime was committed in the totality of all cases listed above.

Court should immediately issue Writ of Coram Nobis Nos. 08-3046, 08-3047, 08-3048 and 08-3049 to correct errors by federal and state courts that acted in the Complete Absence of all jurisdiction, resulting in the Complete Miscarriage of Justice.

Petitions are an Attack on a conviction(s) involving collateral legal disadvantages which survive satisfaction of sentence, and Constitutional controversy is presented in petition(s) for relief:

The following is from U.S. Probation Office Central District of Illinois, INFORMATION SHEETS [See Exhibit C three pages attached to Writs of Error Nobis cases.]:

"**Civil Disabilities/Firearms Restrictions:**

If you have been convicted in any court of a crime punishable by imprisonment for a term exceeding on (l) year (a felony), whether or not the punishment was imposed, you **may not** possess a firearm nor may you have control over or access to a firearm. Such possession is a violation of probation, supervised release, parole, special parole, of mandatory release, and is a violation of the law...

TRAVEL:

Travel beyond the limits of the Central District of Illinois is a privilege which may be granted by your supervising probation officer only when he/she is satisfied that you are in full compliance with the conditions of your supervision. You may not travel outside the Central District of Illinois without **permission** of the probation officer...

**CIVIL DISABILITIES AND FIREARMS RESTRICTIONS**

I. A person sentenced to imprisonment loses the right to vote until released from prison. A person convicted of a felony, e,g., bribery, perjury, or other "infamous crime" loses the right to hold public office until completion of his/her sentence including any period of supervision... A person convicted of a felon under federal law may not possess a firearm (including both long guns and handguns) or ammunition...

**RESTORATION OF RIGHTS/REMOVAL OF DISABILITIES**

II.   The right to hold public office is automatically restored upon completion of your sentence including any period of supervision.

## ANDERSON DID SHOWS CAUSE AND DID DEMONSTRATE WHY COURT SHOULD NOT SUMMARILY DISMISS CASES

FRAUD WAS COMMITTED BY FRANK H. EASTERBROOK, CHIEF JUDGE, DIANE P. WOOD, CIRCUIT JUDGE AND ANN CLAIRE WILLIAMS, CIRCUIT JUDGE.

Judges claim the following in Exhibit A:

"But since Anderson is no longer "in custody" under his Harris County conviction, he could not have obtained relief by a Section 2254 petition; **a motion for writ of error coram nobis was the correct submission.** See United States v. Bush, 888 F.2d 1145, 1147 (7thCir.1989). **However, Anderson has not alleged that he is suffering from any ongoing civil disabilities or adverse collateral consequences-prerequisites to relief by a writ of error coram nobis."** See Howard v. United States, 962 F.2d 651, 653 (7th Cir.1992); United States v. Craig, 907 F.2d 653 (7th Cir. 1990)."...

"Petitioner is no longer "in custody" under his Dallas County Conviction, so he could not have filed a Section 2254 petition. **Thus, a motion for writ of error coram nobis was correct...But again Anderson alleges no ongoing civil disabilities or adverse collateral consequences of his Dallas County conviction"**...

"But Anderson was right to label his motion was one for a writ of error coram nobis because he is no longer "in custody" under his Pinellas County conviction. **Nonetheless, Anderson alleges no ongoing civil disabilities or adverse collateral consequences of his Dallas County conviction...so his challenge fails.**   (Emphasis added.)

14

**As a matter of fact, Anderson did allege ongoing civil disabilities and collateral consequences-prerequisites for relief in his three writs of error coram nobis mentioned above, same relief was requested in all writs, See Exhibit B:**

"Wherefore, petitioner prays this court based on foregoing and following to grant relief requested herein.

Petitioner moves this Honorable Court to notify all federal and state agencies that it is issuing an Order of Notification that petitioner's intentional false arrests and illegal convictions and sentences have been declared null and void and failure to comply with Court's expungemnt order will make the agency plus individual liable for a penalty of One Million Dollars Per Day each, payable to petitioner if they do not comply. And that a notation in the record is insufficient. That there is to be no trace of them; that the expungment of petitioner's records are ordered against all persons and agencies who maintain custody of such records, whether or not they are named as respondent(s), and the records must be turned over to petitioner in tact within 30 days and verification by this Court. A Certification of Compliance must be filed with this Court within 30 days of the receipt of order and said order is not in violation of State of Illinois nor federal law. For petitioner is a victim of a kidnapping conspiracy and respondent(s) cannot provide a transcript proving the charged crime occurred as alleged in the charging instrument.

For Don Benny Anderson is entitled to compensation for the premeditated kidnapping and destruction of his good name, family and business opportunities and is planning on traveling abroad and all the states of the union, running for public office, flying planes, voting in state and federal elections, being on a jury, owing a gun, getting a drivers license, going into business immediately and may suffer another possible false arrest, conviction and sentence in the

future on fictional charges as in this case at bar which has been used against him by kidnapping conspirators in United States District Courts and United States Parole Commission **and he will suffer future collateral consequences if false arrest records, conviction and sentencing records remains. [Emphasis added]**

Petitioner is also requesting a Order stating that if asked if he has been arrested or convicted or sentenced in the past he can legally state, "No". Because in reality petitioner was intentionally, illegally and unconstitutionally arrested, convicted and sentenced and this Honorable Court decreed them Null and Void.

Petitioner at this time also moves this court in the interest of justice, judicial economy and the ends of justice; to decree his convictions are constitutionally invalid and is entitled to have his arrests, convictions, sentences and all the effects steaming from them completely expunged from all records. Order any other relief as is deemed just and proper, if any there be at law, least Anderson suffer irreparable injury.

Signed under Title 18 Section 1621 and Title 28 Section 1746. Date: February 17, 2006...Don Benny Anderson."

United States Court of Appeals judges Frank H. Easterbrook, Chief Judge, Diane P. Wood, Circuit Judge, Ann Claire Williams, Circuit Judge, United States District Judge Gilbert of the Southern District of Illinois and Judge Mihm of the Central District of Illinois did knowingly and willingly with criminal intent did join, combine, conspire and confederate in criminal conspiracies to further the political kidnapping of Don Benny Anderson. Furthering the cover up of the terrorist-kidnapping of Don Benny Anderson; judges engaged in procedural kidnapping and ordered extortionate fines. Anderson did pay the $1000 extortionate fine of Frank H. Easterbrook, Chief Judge, Diane P. Wood, Circuit Judge, Ann Claire Williams, Circuit

Judge. If you, Judge Jeanne E. Scott, and above judges are not engaged in criminal conspiracies, order transcripts of all court proceedings. See for yourself if petitioner committed perjury. You, Judge Jeanne E. Scott, are not obligated to join judges in criminal conspiracies, mentioned in documents and cases before your court. Signed under the penalty of perjury pursuant to Title 18 Section 1621 and Title 28 Section 1746.

Dated this 5th day of March 2008.

Respectfully submitted,

Don Benny Anderson
2004B S. Noble Ave
Springfield, IL 62704

DATED THIS 27TH DAY OF MARCH 2008.

RESPECTFULLY SUBMITTED,

*Don R. Anderson*

Don Benny Anderson

## CERTIFICATE OF SERVICE

I, Don Benny Anderson, do swear or declare that on this 27th day of March 2008, I have served the enclosed **EXTRAORDINARY WRIT TO EXPEDITE ALL ABOVE PROCEEDINGS** on the following party to this proceeding, by depositing it in an envelope containing the said document in the United States mail properly addressed and with first-class postage prepaid.

The name and address of party served is as follows:

> Roger Heaton
> United States Attorney
> 318 S. 6th
> Springfield, IL 62701

Signed pursuant to Title 28 U.S.C. Section 1746.

*Don B. Anderson*
Don Benny Anderson
2004B S Noble Ave
Springfield, IL 62704

18